**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JiangSu CorEnergy Semiconductor Company Limited,<br><br>Plaintiff,<br><br>v.<br><br>OEM Group LLC, et al.,<br><br>Defendants. | No. CV-24-01675-PHX-DWL<br><br>**ORDER** |

The parties have filed a stipulation of dismissal requesting that the Court retain jurisdiction to enforce the settlement agreement. (Doc. 57.)

Although it is true that a federal court *may* retain jurisdiction over a case that has settled, this is not the usual approach. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("[A]utomatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business."). Thus, "if parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court to make a reasoned determination as to whether retention is appropriate." *Cross Media Marketing Corp. v. Budget Marketing, Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004). A district court may "properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it." *Id. See also Camacho v. City of San Luis*, 359 Fed. App'x 794, 798 (9th Cir. 2009) ("[I]t was the court's prerogative not to retain jurisdiction over any disputes raised by the [settlement].").

Unlike a "consent decree," which is "a settlement that contains an injunction," *Fed. Trade Comm'n v. Enforma Nat. Prod., Inc.*, 362 F.3d 1204, 1218 (9th Cir. 2004), a "consent judgment" is "merely a run-of-the-mill monetary settlement that carries the full force of a court order." *BMO Harris Bank NA v. Corley*, 2023 WL 1966395, *1 n.1 (D. Ariz. 2023). Where a consent decree includes non-monetary terms providing injunctive relief and the issuing court has been involved in the matter, the federal judge's familiarity with the case can make a return to federal court beneficial, but a consent judgment merely involves the payment of money and "does not implicate any issues within the expertise of federal judges." Anthony DiSarro, *Six Decrees of Separation: Settlement Agreements and Consent Orders in Federal Civil Litigation*, 60 Am. U. L. Rev. 275, 295 (2010).

The parties indicate that the consent judgment "was material consideration" for the settlement agreement and "will incentivize performance and drive resolution." (Doc. 57 at 3.) But the parties "have not attempted to explain why the Court's continued jurisdiction is required . . . or why they would be unable to achieve adequate relief in state court—which is the traditional avenue for seeking relief following the breach of a contract—should [a party] renege on its contractual responsibilities under the settlement agreement." *Sw. Fair Hous. Council Inc. v. Maricopa Domestic Water Improvement Dist.*, 2020 WL 1659915, 3 (D. Ariz. 2020). *See also, e.g.*, *Thrower v. Parker*, 2026 WL 827296, *1 (D. Nev. 2026) ("Ordinarily, a dispute arising under a settlement agreement is a separate contract dispute requiring its own independent basis for jurisdiction. . . . If Plaintiff believes that a breach of the settlement agreement has occurred, his recourse is to file an action for breach of contract in state court.").

The Court has a heavy docket and does not perceive the parties' desire to bring any future dispute over a breach of the settlement agreement in this Court as opposed to state court to be a persuasive reason for retaining jurisdiction. Bringing a run-of-the-mill breach-of-contract dispute in federal court, where this Court would lack jurisdiction if it were not specially retained, would tax judicial resources, not conserve them.

The parties assert that in Florida, "state law prohibits entry of consent judgments if

they were not the product of a pre-existing Florida litigation." (Doc. 57 at 3.) It is not clear that the prohibition of "consent judgments" in Florida state courts means that the parties would somehow be prevented from litigating a breach of the settlement agreement in state court. The request to enter a consent judgment is therefore denied without prejudice. The parties may file a stipulation to dismissal without a consent judgment pursuant to Rule 41(a)(1)(A)(ii) or a renewed motion for consent judgment that more clearly sets forth reasons justifying retained jurisdiction.

Accordingly,

**IT IS ORDERED** that the parties' request that the Court enter a consent judgment (Doc. 57) is **denied**. The parties shall, within 14 days of the date of this order, (1) stipulate to the dismissal of this action without any consent judgment, (2) file a renewed joint motion for consent judgment, or (3) file a motion for reinstatement of this action.

Dated this 22nd day of September, 2026.

Dominic W. Lanza
United States District Judge